# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00185-CV

**Kirk Wayne McBride, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C2001-823A, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING

Kirk Wayne McBride appeals from the district court=s order dismissing his petition for audita querela relief. By this petition, McBride sought to collaterally attack his conviction for aggravated sexual assault in Comal County cause number CR95-129, for which he is now serving a ninety-nine-year prison sentence, on the ground that the prosecution was barred by the statute of limitations. The district court dismissed the action pursuant to civil practice and remedies code sections 14.003, 14.005, and 14.006(f). Tex. Civ. Prac. & Rem. Code Ann. ' ' 14.003, .005, .006(f) (West 2003). We will affirm the dismissal order, although not on the grounds stated by the district court.

Audita querela is, or was, a Awrit available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing defenses.@ *Black=s Law Dictionary* 126 (7th ed. 1999). The writ has been abolished in federal civil cases. Fed. R. Civ. P. 60(b). Courts have

expressed doubts whether it survives as a post-conviction remedy in federal criminal cases. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993); *United States v. Reyes*, 945 F.2d 862, 865 (5th Cir. 1991). The only previous reported Texas case in which the writ was employed was, like the instant cause, a collateral attack on a criminal conviction. *State v. Vasquez*, 889 S.W.2d 588 (Tex. App.CHouston [14th Dist.] 1994, no pet.). The court of appeals concluded that the petitioner was not entitled to relief without deciding whether such use of the writ was proper. *Id.* at 590-91.

The legislature has prescribed the writ of habeas corpus as the remedy to be used when any person is restrained in his liberty. Tex. Code Crim. Proc. Ann. art. 11.01(West 1977). The procedure outlined in code of criminal procedure article 11.07 is the exclusive felony post-conviction remedy in the courts of this state. *Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983); *see* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2003) (post-conviction habeas corpus procedure in noncapital cases).[1] Under article 11.07, the court of criminal appeals alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of noncapital felonies. *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993).

---

[1] *Adams* and *Brown* were decided before the adoption of a separate post-conviction habeas corpus procedure for capital cases. *See* Tex. Code Crim. Proc. Ann. art. 11.071 (West Supp. 2003).

McBride sought to have his judgment of conviction for aggravated sexual assault set aside and a new trial ordered. Under the authorities cited above, the exclusive procedure for effecting this remedy is a post-conviction habeas corpus proceeding under article 11.07. For this reason, the district court properly dismissed McBride=s audita querela petition.[2] We need not address McBride=s points of error challenging the district court=s application of the civil practice and remedies code, as to which we express no opinion.

The order of dismissal is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: December 5, 2002

Publish

---

[2] McBride=s petition did not state a basis for audita querela relief in any case. Such relief is available only if the petition raises a new defense based in law. *State v. Vasquez*, 889 S.W.2d 588, 591 (Tex. App.CHouston [14th Dist.] 1994, no pet.). McBride=s limitations claim was raised at trial and rejected by the jury, and that determination was affirmed on appeal. *McBride v. State*, No. 03-95-00596-CR, 1997 Tex. App. LEXIS 1284 (Tex. App.CAustin Apr. 24, 1997, pet. ref=d) (not designated for publication). Contrary to McBride=s assertion, this Court=s opinion in *Zinger v. State*, 899 S.W.2d 423, 433 (Tex. App.CAustin 1995), *rev=d on other grounds*, 932 S.W.2d 511 (Tex. Crim. App. 1996), does not give rise to a new defense not previously available to him.