In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00024-CR
______________________________


 
EX PARTE: DAVID INFANTE
 


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 17,046-2002-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            David Infante was charged in six separate cases: there were four separate indictments
charging him with aggravated sexual assault, and there were two separate indictments charging him
with indecency with a child. The State elected to try the cases separately and first proceeded in trial
court cause number 16,843-2001-A. The jury found Infante "not guilty" of aggravated sexual assault
in that case. Infante subsequently filed applications for pretrial writs of habeas corpus, alleging that
collateral estoppel and double jeopardy principles barred prosecution of the remaining five cases. 
The trial court denied relief in each case, and Infante now appeals.
            This appeal concerns only the charge of aggravated sexual assault in trial court cause number
17,046-2002-A. The five causes were appealed separately, but the parties have briefed the issues
together. 
            Since the briefs and arguments raised therein are identical in each appeal, for the reasons
stated in Ex parte Infante, No. 06-04-00020-CR, we likewise affirm the trial court's judgment.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          November 4, 2004
Date Decided:             November 5, 2004

Do Not Publish



160;                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter



O P I N I O N

            Davie Harrison, Sr., has filed a petition for writ of mandamus requesting this Court to vacate
or set aside the judgment convicting Harrison of burglary. We deny Harrison's petition because an
application for a writ of habeas corpus under Article 11.07 is the more appropriate remedy for post-conviction relief.
            On November 14, 1994, Harrison pled guilty to burglary pursuant to a negotiated plea
agreement. Harrison asserts that, on October 3, 2005, he filed an application for a writ of habeas
corpus


 under Article 11.07 of the Texas Code of Criminal Procedure along with a motion to recuse
and a motion of disqualification. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005). On
October 18, 2005, Harrison filed a motion for a recusal hearing and alleges he has never received
notice of the motion being filed.


 In his petition for writ of mandamus, Harrison alleges that Judge
Leon Pesek, Sr.,


 violated Article 30.01 of the Texas Code of Criminal Procedure by presiding over
his guilty plea when his son, Leon Pesek, Jr., was the district attorney.


 See Tex. Code Crim. Proc.
Ann. art. 30.01 (Vernon Supp. 2005). Harrison requests that this Court vacate or set aside the
judgment because the trial court lacked jurisdiction due to the alleged violation of Article 30.01 and,
therefore, the judgment is allegedly void. In the alternative, Harrison requests that we order the trial
court to vacate or set aside the judgment.
            Under Texas law, the sole method for a collateral attack on a felony conviction is through
an application for a writ of habeas corpus. The procedure set forth in Article 11.07 of the Texas
Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the
conviction is final and the applicant is confined by virtue of his or her felony conviction. See Ex
parte Adams, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989); McBride v. State, 114 S.W.3d 556, 557
(Tex. App.—Austin 2002, no pet.); see also Tex. Code Crim. Proc. Ann. art. 11.07; cf. Board of
Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483
(Tex. Crim. App. 1995). Mandamus is an extreme remedy and will not be granted unless no other
remedy at law exists. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). 
Because a writ of habeas corpus is a more appropriate vehicle to bring this collateral attack, Harrison
is not entitled to a writ of mandamus.


 
            For the reasons stated, we deny Harrison's petition for writ of mandamus.
 


                                                                                    Jack Carter
                                                                                    Justice

Date Submitted:          February 15, 2006
Date Decided:             February 16, 2006