NO. 07-04-0569-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 17, 2005


______________________________



ANDY DEWAYNE POSEY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15,058-B; HON. JOHN B. BOARD, PRESIDING


______________________________



Order on Application for Bail


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Pending before the court is the application of Andy DeWayne Posey (appellant) for
bail. This request arose from our May 25, 2005 opinion and judgment reversing his
conviction. 

 When a conviction is reversed and the appellant is in custody, article 44.04(h) of the
Texas Code of Criminal Procedure requires that he be "entitled to release on reasonable
bail, regardless of the length of term of imprisonment, pending final determination of an
appeal by the state or the defendant on a motion for discretionary review." Tex. Code
Crim. Proc. Ann. art. 44.04(h) (Vernon Supp. 2004-2005). Furthermore, if "the defendant
requests bail before a petition for discretionary review has been filed, the Court of Appeals
shall determine the amount of bail." Id. 

 Though the wording of art. 44.04(h) appears mandatory, precedent nonetheless
obligates us to consider various factors in determining the amount of bail. They include 1)
"the length of the sentence and the nature of the offense," 2) the applicant's "work record,
family ties, . . . length of residency, ability to make the bond, prior criminal record,
conformity with previous bond conditions," 3) other outstanding bonds, and 4) the
aggravating factors, if any, involved in the offense. Ex parte Rubac, 611 S.W.2d 848, 849-50 (Tex. Crim. App. [Panel Op.] 1981); see also Watson v. State, No. 10-03-00216, 2005
WL 552696 (Tex. App.-Waco March 9, 2005, pet. filed). The application of appellant at bar
discusses few if any of those indicia. Nor did appellant provide us with evidence, by
affidavit or otherwise, touching upon them. Consequently, we are unable to undertake the
analysis required by Rubac. 

 Given the deficiency, we order appellant to supplement his application for bail with
evidence addressing the criteria mentioned in Rubac. This supplementation must be
received by the clerk of this court on or before July 5, 2005. Should it not, then the court
will act upon the motion based upon the minimal information before it.


 Per Curiam

Do not publish.



 2009
                                       ______________________________
 
IN RE DAVID MATTHEW LAYTON, RELATOR,
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Relator, David Matthew Layton, has filed a Petition for Writ of Mandamus seeking
this court to order the Honorable Ana Estevez to act on a petition for writ of audita querela
that relator filed in the 251st Judicial District Court of Potter County, Texas. We deny the
petition.
          Texas Rule of Appellate Procedure 52.3


 identifies the requirements for a petition
for writ of mandamus filed in this Court. Layton has failed to comply with these
requirements. Rule 52.3(b) requires that the petition include a table of contents with
references to the pages of the petition and an indication of the subject matter of each issue
or point raised in the petition. Layton’s petition includes no table of contents. Rule 52.3(c)
requires that a petition include an index of authorities in which all authorities cited in the
petition are arranged alphabetically and the page(s) upon which the authorities are cited
is indicated. Layton’s petition includes no index of authorities. Rule 52.3(f) requires the
petition include a concise statement of all issues or points presented for relief. Layton’s
petition includes no such statement. Rule 52.3(g) requires that a petition include a
statement of facts. Layton’s petition does not include a statement of facts. Rule 52.3(h)
requires that a petition include a clear and concise argument for the contentions made. 
Layton’s petition includes an argument, but the argument is nearly indecipherable. Rule
52.3(i) requires a petition include a prayer that clearly states the nature of the relief sought. 
Layton’s petition prays that this Court “intervene and prevent the respondent’s non-compliance to the Petition for Writ of Audita Querela . . . by granting this Petition.” This
prayer does not clearly state the nature of the relief sought.


 Finally, Rule 52.3(j)(1)
identifies items that must be included in the appendix to the petition. Rule 52.3(j)(1)(A)
requires that a certified or sworn copy of any order complained of or any other document
showing the matter complained of be included in the appendix. The index to Layton’s
petition does not include a copy of the petition he filed with the district court nor does it
include any order entered by that court. As each of these items are required in a petition
for writ of mandamus and as Layton has failed to include them in his petition, we will not
grant the relief that he requests. However, in the interest of judicial economy, we will
address the merits of Layton’s petition. 
          As best we can discern from Layton’s argument, his petition for writ of audita
querela is an attempt to collaterally attack his convictions for aggravated kidnapping and
aggravated sexual assault of a child, which this Court affirmed in 1997. See Layton v.
State, No. 07-96-0234-CR, 1997 Tex.App. LEXIS 5257 (Tex.App.–Amarillo Oct. 3, 1997,
pet. ref’d); Layton v. State, No. 07-96-0235-CR, 1997 Tex.App. LEXIS 5258
(Tex.App.–Amarillo Oct. 3, 1997, pet. ref’d); Layton v. State, No. 07-96-0236-CR, 1997
Tex.App. LEXIS 5259 (Tex.App.–Amarillo Oct. 3, 1997, pet. ref’d). Layton appears to
contend that a “lighting” technique utilized by an expert witness for the State rendered his
expert opinion unreliable. Further, it appears that Layton is contending that the expert
made non-judicial statements that were contradictory of his trial testimony. Thus, by his
petition for writ of audita querela, Layton is attempting to challenge the merits of his final
felony conviction in the above-identified cases.
          Audita querela is, or was, a writ available to a judgment debtor who seeks a
rehearing of a matter on grounds of newly discovered evidence or newly existing defenses. 
McBride v. State, 114 S.W.3d 556, 557 (Tex.App.–Austin 2002, no pet.) (citing Black’s Law
Dictionary 126 (7th ed. 1999)). Such relief is only available if the petition for the writ raises
a new defense based in law. Id. at 557 n.2 (citing State v. Vasquez, 889 S.W.2d 588, 591
(Tex.App.–Houston [14th Dist.] 1994, no pet.)). According to Layton’s petition for writ of
mandamus, objections to the State’s expert witnesses were raised at trial. Layton does not
identify how any of the contentions urged in his petition for writ of audita querela are based
on newly discovered evidence or on newly existing defenses based in law.
          However, of greater significance, a writ of audita querela is not an available means
of collaterally attacking a final felony conviction in Texas. See Ex parte Mendenhall, 209
S.W.3d 260, 261 (Tex.App.–Waco 2006, no pet.); Lyons v. State, No. 06-05-00142-CR,
2006 Tex.App. LEXIS 1394, at *2-*3 (Tex.App.–Texarkana 2006) (memo. op.); Thomas
v. State, No. 12-03-00426-CV, 2004 Tex.App. LEXIS 4621, at *2-*3 (Tex.App.–Tyler 2004,
pet. ref’d); McBride, 114 S.W.3d at 557. As each of these cases explain, the exclusive
means to set aside a prior felony conviction in a collateral proceeding is by way of a
petition for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal
Procedure. Id. 
          Accordingly, we deny relator’s petition for writ of mandamus. 
 
                                                                           Mackey K. Hancock

                                                                                      Justice