6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00021-CV
______________________________



IN RE:
DAVIE HARRISON, SR.




Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter



O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â Davie Harrison, Sr., has filed a petition for writ of mandamus requesting this Court to vacate
or set aside the judgment convicting Harrison of burglary. We deny Harrison's petition because an
application for a writ of habeas corpus under Article 11.07 is the more appropriate remedy for post-conviction relief.
Â Â Â Â Â Â Â Â Â Â Â Â On November 14, 1994, Harrison pled guilty to burglary pursuant to a negotiated plea
agreement. Harrison asserts that, on October 3, 2005, he filed an application for a writ of habeas
corpus


 under Article 11.07 of the Texas Code of Criminal Procedure along with a motion to recuse
and a motion of disqualification. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005). On
October 18, 2005, Harrison filed a motion for a recusal hearing and alleges he has never received
notice of the motion being filed.


 In his petition for writ of mandamus, Harrison alleges that Judge
Leon Pesek, Sr.,


 violated Article 30.01 of the Texas Code of Criminal Procedure by presiding over
his guilty plea when his son, Leon Pesek, Jr., was the district attorney.


 See Tex. Code Crim. Proc.
Ann. art. 30.01 (Vernon Supp. 2005). Harrison requests that this Court vacate or set aside the
judgment because the trial court lacked jurisdiction due to the alleged violation of Article 30.01 and,
therefore, the judgment is allegedly void. In the alternative, Harrison requests that we order the trial
court to vacate or set aside the judgment.
Â Â Â Â Â Â Â Â Â Â Â Â Under Texas law, the sole method for a collateral attack on a felony conviction is through
an application for a writ of habeas corpus. The procedure set forth in Article 11.07 of the Texas
Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the
conviction is final and the applicant is confined by virtue of his or her felony conviction. See Ex
parte Adams, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989); McBride v. State, 114 S.W.3d 556, 557
(Tex. App.âAustin 2002, no pet.); see also Tex. Code Crim. Proc. Ann. art. 11.07; cf. Board of
Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483
(Tex. Crim. App. 1995). Mandamus is an extreme remedy and will not be granted unless no other
remedy at law exists. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). 
Because a writ of habeas corpus is a more appropriate vehicle to bring this collateral attack, Harrison
is not entitled to a writ of mandamus.


 
Â Â Â Â Â Â Â Â Â Â Â Â For the reasons stated, we deny Harrison's petition for writ of mandamus.
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â February 15, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â February 16, 2006





sdException Locked="false" Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00180-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TONY CLARKSTON JOHNSON,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the Fourth
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Rusk County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. CR09-333

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Tony
Clarkston Johnson, appellant, has filed with this Court a motion to dismiss his
appeal.Â  The motion is signed by Johnson
and by his counsel in compliance with Rule 42.2(a) of the Texas Rules of
Appellate Procedure.Â  See Tex.
R. App. P. 42.2(a).Â  As authorized
by Rule 42.2, we grant the motion.Â  See Tex.
R. App. P. 42.2.

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
we dismiss the appeal.

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  November
16, 2010Â Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November
17, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â 

Â