COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-230-CR

 

 

KURBY GERALD DECKER                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Kurby Gerald
Decker, pro se, attempts to appeal from the trial court=s refusal to issue a writ of audita querela.[2]  Appellant filed an application for the writ
in the trial court in an apparent attempt to mount a collateral attack on his
1991 convictions for unauthorized use of a motor vehicle and aggravated
kidnaping.  The trial court signed an
order stating that it would not entertain Appellant=s application.[3]  The trial court also certified that Appellant
has no right to appeal because there is no order on which to base an appeal.








Under Texas law, the sole
method for raising a post‑conviction attack on a conviction is through an
application for writ of habeas corpus, returnable to the Texas Court of
Criminal Appeals.  Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005); Bd. of Pardons & Paroles ex rel. Keene v. Court of
Appeals, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); Lyon v. State, No.
06‑05‑00142‑CV, 2006 WL 397944, at *1 (Tex. App.CTexarkana February 22, 2006, pet. filed) (holding final felony
conviction may not be attacked by writ of audita querela); McBride v. State,
114 S.W.3d 556, 557 (Tex. App.CAustin 2002, no pet.) (same).

On July 14, 2006, we notified the parties of our concern
that we lacked jurisdiction over this appeal and informed them that the appeal
would be dismissed for want of jurisdiction unless Appellant or any party
desiring to continue the appeal filed with the court a response showing grounds
for continuing the appeal.  See Tex. R. App. P. 44.3.  Appellant filed a response, but it does not
state sufficient grounds for continuing the appeal.  We therefore dismiss this appeal for want of
jurisdiction.  See id.

PER CURIAM

 

PANEL D:   GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
August 10, 2006











[1]See Tex. R. App. P. 47.4.





[2]Black=s Law
Dictionary defines Aaudita
querela@ as
follows:

 

The
name of a common law writ constituting the initial process in an action brought
by a judgment defendant to obtain relief against the consequences of the
judgment on account of some matter of defense or discharge arising since its
rendition and which could not be taken advantage of otherwise.  [The writ] may also lie for matters arising
before judgment where [the] defendant had no opportunity to raise such matters
in defense.

 

This
writ has been abolished in most states that have adopted Rules of Civil Procedure,
being supplanted by motion for relief from judgment.

 

Black=s Law Dictionary 131 (6th ed. 1990) (internal
citations omitted).





[3]In
his notice of appeal, Appellant states that the trial court=s
order is void because the trial judge who signed the order was previously
recused from the case.  We take judicial
notice of our opinion in Appellant=s appeals from the denial
of his motion to recuse the trial judge in question.  See Decker v. State, Nos.
2-98-00573-CR, 2-98-00574-CR (Tex. App.CFort Worth January 28, 1999,
no pet.) (not designated for publication). 
Further, because we have no jurisdiction over the appeal, we lack
authority to address Appellant=s void-order argument.