DECKER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-230-CR

KURBY GERALD DECKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kurby Gerald Decker, pro se, attempts to appeal from the trial court’s refusal to issue a writ of audita querela.
(footnote: 2)  Appellant filed an application for the writ in the trial court in an apparent attempt to mount a collateral attack on his 1991 convictions for unauthorized use of a motor vehicle and aggravated kidnaping.  The trial court signed an order stating that it would not entertain Appellant’s application.
(footnote: 3)  The trial court also certified that Appellant has no right to appeal because there is no order on which to base an appeal.

Under Texas law, the sole method for raising a post-conviction attack on a conviction is through an application for writ of habeas corpus, returnable to the Texas Court of Criminal Appeals.  
Tex. Code Crim. Proc. Ann.
 art.
 11.07 (Vernon 2005); 
Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals,
 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)
; Lyon v. State, 
No. 06-05-00142-CV, 2006 WL 397944, at *1 (Tex. App.—Texarkana February 22, 2006, pet. filed) (holding final felony conviction may not be attacked by writ of audita querela); 
McBride v. State
, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.) (same).

On July 14, 2006, we notified the parties of our concern that we lacked jurisdiction over this appeal and informed them that the appeal would be dismissed for want of jurisdiction unless Appellant or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 44.3.  Appellant filed a response, but it does not state sufficient grounds for continuing the appeal.  We therefore dismiss this appeal for want of jurisdiction.  
See id.

PER CURIAM

PANEL D: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 10, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Black’s Law Dictionary defines “audita querela” as follows:

The name of a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.  [The writ] may also lie for matters arising before judgment where [the] defendant had no opportunity to raise such matters in defense.

This writ has been abolished in most states that have adopted Rules of Civil Procedure, being supplanted by motion for relief from judgment.

Black’s Law Dictionary 
131 (6th ed. 1990) (internal citations omitted).

3:
In his notice of appeal, Appellant states that the trial court’s order is void because the trial judge who signed the order was previously recused from the case.  We take judicial notice of our opinion in Appellant’s appeals from the 
denial
 of his motion to recuse the trial judge in question.  
See
 
Decker v. State
, Nos. 2-98-00573-CR, 2-98-00574-CR (Tex. App.—Fort Worth January 28, 1999, no pet.) (not designated for publication).  Further, because we have no jurisdiction over the appeal, we lack authority to address Appellant’s void-order argument.