Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







IN RE: SHANNON MARK DOUTHIT, 

                                     Relator.




§
 
§
 
§
 
§
 
§
 
 § 




No. 08-06-00300-CR

AN ORIGINAL PROCEEDING
                        IN MANDAMUS



 

 

 




MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

            Relator Shannon Mark Douthit seeks a writ of mandamus complaining that the Honorable
Curt F. Steib of the 394th Judicial District Court of Presidio County, Texas, abused his discretion by
denying Relator’s Motion for a Nunc Pro Tunc Order to Set Aside Unauthorized Judgment of
Conviction. Specifically, Relator asserts that his conviction was based on a charging instrument,
which neither charges an offense nor identifies Relator. 
            Relator was indicted for the offense of capital murder. Relator states that pursuant to a plea-bargain offer, he waived his right to be prosecuted under the indictment at the arraignment, and
instead gave his consent to be charged and tried by an information, which apparently was a blank
form. However, Relator subsequently waived his right to be accused by indictment and pled guilty
to the offense as charged in the indictment. Relator was sentenced to life imprisonment. Relator
claims that the judgment erroneously states that his conviction was based on the indictment, but it was
actually based on the information filed in the case, which was left blank. 
            To be entitled to mandamus relief, a relator must establish that there is no adequate remedy
at law and that the act sought to be compelled is ministerial in nature. Ater v. Eighth Court of
Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991). The relator must also demonstrate that the
trial court was asked to perform the ministerial act, but refused to do so. In re Villarreal, 96 S.W.3d
708, 710 (Tex.App.--Amarillo 2003, orig. proceeding).
            Contrary to Relator’s contentions, the act sought to be compelled is not ministerial in nature. 
The purpose of a nunc pro tunc order is to correct clerical errors in the judgment record of the trial
court, not errors in judicial reasoning or determination. Alvarez v. State, 605 S.W.2d 615, 617
(Tex.Crim.App. 1980). Therefore, the trial court did not clearly abuse its discretion in denying the
motion. To the extent that Relator complains that his conviction is based upon a defective charging
instrument, the exclusive method for a collateral attack on a felony conviction is to file an application
for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. See
McBride v. State, 114 S.W.3d 556, 557 (Tex.App.--Austin 2002, no pet.). 
            For these reasons, this Court concludes Relator is not entitled to the relief sought. Therefore,
the petition is denied.

November 9, 2006                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)