NO. 07-09-0075-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 3, 2009
_____

IN RE DAVID MATTHEW LAYTON, RELATOR,
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relator, David Matthew Layton, has filed a Petition for Writ of Mandamus seeking this court to order the Honorable Ana Estevez to act on a petition for writ of audita querela that relator filed in the 251st Judicial District Court of Potter County, Texas. We deny the petition.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements for a petition for writ of mandamus filed in this Court. Layton has failed to comply with these requirements. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Layton's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the

---

[1]Further citation to Texas Rules of Appellate Procedure will be by reference to "Rule __."

petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Layton's petition includes no index of authorities. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Layton's petition includes no such statement. Rule 52.3(g) requires that a petition include a statement of facts. Layton's petition does not include a statement of facts. Rule 52.3(h) requires that a petition include a clear and concise argument for the contentions made. Layton's petition includes an argument, but the argument is nearly indecipherable. Rule 52.3(i) requires a petition include a prayer that clearly states the nature of the relief sought. Layton's petition prays that this Court "intervene and prevent the respondent's non-compliance to the Petition for Writ of Audita Querela . . . by granting this Petition." This prayer does not clearly state the nature of the relief sought.[2] Finally, Rule 52.3(j)(1) identifies items that must be included in the appendix to the petition. Rule 52.3(j)(1)(A) requires that a certified or sworn copy of any order complained of or any other document showing the matter complained of be included in the appendix. The index to Layton's petition does not include a copy of the petition he filed with the district court nor does it include any order entered by that court. As each of these items are required in a petition for writ of mandamus and as Layton has failed to include them in his petition, we will not grant the relief that he requests. However, in the interest of judicial economy, we will address the merits of Layton's petition.

---

[2] We presume that Layton is claiming that Judge Estevez has failed to rule on his motion in a timely manner. However, Layton has provided no evidence of when he filed the motion, whether the motion was brought to the attention of the trial court, or the current state of the court's docket. See Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979); Ex parte Bates, 65 S.W.3d 133, 134-135 (Tex.App.–Amarillo 2001, no pet.) (orig. proceeding).

As best we can discern from Layton's argument, his petition for writ of audita querela is an attempt to collaterally attack his convictions for aggravated kidnapping and aggravated sexual assault of a child, which this Court affirmed in 1997.  See Layton v. State, No. 07-96-0234-CR, 1997 Tex.App. LEXIS 5257 (Tex.App.–Amarillo Oct. 3, 1997, pet. ref'd); Layton v. State, No. 07-96-0235-CR, 1997 Tex.App. LEXIS 5258 (Tex.App.–Amarillo Oct. 3, 1997, pet. ref'd); Layton v. State, No. 07-96-0236-CR, 1997 Tex.App. LEXIS 5259 (Tex.App.–Amarillo Oct. 3, 1997, pet. ref'd).  Layton appears to contend that a "lighting" technique utilized by an expert witness for the State rendered his expert opinion unreliable.  Further, it appears that Layton is contending that the expert made non-judicial statements that were contradictory of his trial testimony.  Thus, by his petition for writ of audita querela, Layton is attempting to challenge the merits of his final felony conviction in the above-identified cases.

Audita querela is, or was, a writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing defenses.  McBride v. State, 114 S.W.3d 556, 557 (Tex.App.–Austin 2002, no pet.) (citing *Black's Law Dictionary* 126 (7th ed. 1999)).  Such relief is only available if the petition for the writ raises a new defense based in law.  Id. at 557 n.2 (citing State v. Vasquez, 889 S.W.2d 588, 591 (Tex.App.–Houston [14th Dist.] 1994, no pet.)).  According to Layton's petition for writ of mandamus, objections to the State's expert witnesses were raised at trial.  Layton does not identify how any of the contentions urged in his petition for writ of audita querela are based on newly discovered evidence or on newly existing defenses based in law.

However, of greater significance, a writ of audita querela is not an available means of collaterally attacking a final felony conviction in Texas.  See Ex parte Mendenhall, 209 S.W.3d 260, 261 (Tex.App.–Waco 2006, no pet.); Lyons v. State, No. 06-05-00142-CR, 2006 Tex.App. LEXIS 1394, at *2-*3 (Tex.App.–Texarkana 2006) (memo. op.); Thomas v. State, No. 12-03-00426-CV, 2004 Tex.App. LEXIS 4621, at *2-*3 (Tex.App.–Tyler 2004, pet. ref'd); McBride, 114 S.W.3d at 557.  As each of these cases explain, the exclusive means to set aside a prior felony conviction in a collateral proceeding is by way of a petition for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.  Id.

Accordingly, we deny relator's petition for writ of mandamus.


Mackey K. Hancock
Justice

4