# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00023-CV

**Hiram Miles, Appellant**

**v.**

**Rick Perry, Governor for the State of Texas; Hope Andrade,[1] Secretary of State
for the State of Texas; Tom Craddick; David Dewhurst, Sharon McCrae,
Louise Pearson et al., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-05-003687, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Hiram Miles, an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division, sued Governor Rick Perry, Lieutenant-Governor David Dewhurst, Hope Andrade, Tom Craddick, Sharon MaCrae, and Louise Pearson ("Defendants"), seeking a declaratory judgment as to the constitutionality of the Texas Penal Code.[2] The district court granted the Defendants' plea to the jurisdiction, and this appeal followed. For reasons set forth below, we affirm the district court's order dismissing the suit.

---

[1] Suit was originally filed against Roger Williams, former Secretary of State.

[2] Tex. Pen. Code Ann. §§ 1.01-71.05 (West 2003 & Supp. 2008).

**FACTUAL AND PROCEDURAL BACKGROUND**

Alleging that the legislation[3] that enacted the penal code was unconstitutional, Miles sought a writ of habeas corpus. The court of criminal appeals denied relief on September 14, 2005.

On October 12, 2005, Miles filed a petition for declaratory judgment, again asserting that the penal code's enacting legislation was unconstitutional. Defendants filed a plea to the jurisdiction, asserting that the trial court lacked subject-matter jurisdiction because they were entitled to both sovereign and official immunity. The court granted their plea and dismissed the action. This appeal followed.

**DISCUSSION**

Miles contends that the legislation, in particular section 2, subsection (H), of Senate Bill 34, entitled "Conforming Amendments," contained an amendment to article 5765 of the Texas Revised Civil Statutes[4] relating to the Texas military forces. Because the legislation contained that amendment, Miles argues Senate Bill 34 violated the Texas Constitution, which requires that no bill contain more than one subject. *See* Tex. Const. art. III, § 35.

Miles argues that his petition for a declaratory judgment is not a challenge to his conviction and sentence for murder under section 19.02 of the penal code; that he is not seeking his release as a result of the penal code being declared unconstitutional. Rather, he is merely seeking a declaration that a bill enacted by the legislature containing more than one subject is unconstitutional,

---

[3] Act of June 14, 1973, 73rd Leg., R.S., ch. 399, Tex. Gen. Laws 883-996 ("Senate Bill 34").

[4] Act of June 18, 1965, 59th Leg., R.S., ch. 690, 1965 Tex. Gen. Laws 1601-1614, *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 146, § 6(a), 1987 Tex. Gen. Laws 534.

rendering the laws therein void. Yet, his third amended petition asks the court to declare that the penal code is unconstitutional; that any law in Senate Bill 34 as applied to him is void; and that he has been deprived of his liberty without due process. Clearly, Miles in his petition is challenging his conviction and the restraint of his liberty.

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." Tex. Code Crim. Proc. Ann. art. 11.01 (West 2005); *see McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.). After final conviction in any felony case, an application for writ of habeas corpus must be made to the court of criminal appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (West Supp. 2008) (post-conviction habeas corpus procedure in noncapital cases). The procedure set forth in article 11.07 is exclusive, and any other proceeding is void and of no force and effect in discharging the prisoner. *Id.* at § 5; *see Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (court of criminal appeals alone has authority to release from confinement persons who have been finally convicted of noncapital felonies).

Under the separation-of-powers clause of the constitution, courts are prohibited from issuing advisory opinions because such is the function of the executive rather than the judicial department. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). The Uniform Declaratory Judgments Act ("the Act")[5] is merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions. *Id.* The Act does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's

---

[5] Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008).

underlying nature. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Finding that Miles' petition is, in reality, an application for writ of habeas corpus and that only the court of criminal appeals has jurisdiction to entertain such an application, we hold that the district court lacked subject-matter jurisdiction to consider this matter and that any opinion issued by that court would have been advisory.

We affirm the court's order granting the plea to the jurisdiction and dismissing this cause.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   August 21, 2009

4