NUMBERS 13-11-00535-CR, 13-11-00536-CR,

13-11-00537-CR, & 13-11-00538-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE JASON MIEARS

 

 



On Original Proceeding.

 

 



MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and
Perkes

Memorandum Opinion by Justice Vela[1]

Relator, Jason
Miears, proceeding pro se, filed a petition for writ of audita querela in the
above causes on July 17, 2011.  We dismiss the petition, and all relief sought
therein, for lack of jurisdiction.[2]

I. 
Background

According to the allegations
in the petition, relator pleaded no contest in a plea agreement to the felony
offenses of murder, aggravated robbery, and aggravated assault with a deadly
weapon in trial court cause numbers 2009-CR-6566, 2009-CR-6567, 2009-CR-6568,
and 2009-CR-6569 in the 379th District Court of Bexar County.  Relator requests
that we “issue an order of estoppel” and stay all appellate proceedings in
order to prevent the San Antonio Court of Appeals from “deciding the
aforementioned cases.”  Relator asks that we conduct an independent review of
the plea agreement and that we exercise “appellate jurisdiction as if petitioner
had been convicted in Nueces County.”  

II. 
Requirements for Extraordinary Relief

The traditional
test for determining whether extraordinary relief is appropriate requires the
relator to establish that he has no adequate remedy at law to redress his
alleged harm, and that the act he seeks to compel or prohibit does not involve
a discretionary or judicial decision.  Simon v. Levario, 306 S.W.3d 318,
320 (Tex. Crim. App. 2009) (orig. proceeding).  If the relator fails to satisfy
either aspect of this two-part test, then relief should be denied.  See id. 


It is the relator’s
burden to properly request and show entitlement to extraordinary relief.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding) (“Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.”).  In addition to other
requirements, the relator must include a statement of facts supported by
citations to “competent evidence included in the appendix or record,” and must
also provide “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the appendix or record.”  See
generally Tex. R. App. P.
52.3.  In this regard, it is clear that the relator must furnish an appendix or
record sufficient to support the claim for mandamus relief.  In re Blakeney,
254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); See Tex. R. App. P. 52.3(k) (specifying the
required contents for the appendix); R. 52.7(a) (specifying the required
contents for the record).

Relator’s petition
for writ of audita querela fails to meet the foregoing requirements, and thus
relator has failed to meet his burden to show his entitlement to extraordinary
relief.  See generally Tex. R.
App. P. 52.3, 52.7; Simon, 306 S.W.3d at 320.

III. 
Jurisdiction

Our writ power is
governed by section 22.221 of the Texas Government Code.  See Tex. Gov’t Code Ann. § 22.221 (West 2004). 
Section 22.221 expressly limits the mandamus jurisdiction of the courts of
appeals to:  (1) writs issued against a “judge of a district court or county
court in the court of appeals district” or a “judge of a district court who is
acting as a magistrate at a court of inquiry,” and (2) “all other writs
necessary to enforce the jurisdiction of the court.”  See id.  Relator
has not established that we have the jurisdiction to issue the requested relief
against either the Bexar County District Court or the San Antonio Court of
Appeals.  See id. 

 

IV.  Writ of
Audita Querela

The common law writ
of audita querela permitted a defendant to obtain relief against a judgment or
execution because of some defense or discharge arising subsequent to the
rendition of the judgment:

The writ of audita
querela is a common law writ dating from the reign of Edward III that
constitutes the initial process in an action brought by a judgment defendant to
obtain relief against the consequences of the judgment on the ground that some
defense or discharge has arisen since its rendition that could not be taken
advantage of otherwise.  Audita querela is distinguished from coram nobis in
that coram nobis attacks the judgment itself, whereas audita querela is
directed against the enforcement, or further enforcement, of a judgment which,
when rendered, was just and unimpeachable.  In other words, a writ of coram
nobis attacks a judgment that was infirm at the time it was rendered for
reasons that later came to light, while a writ of audita querela is used to
challenge a judgment that was correct at the time it was rendered but which is
made infirm by matters that arose after its rendition. 

 

United States v. Miller, 599
F.3d 484, 487 (5th Cir. Tex. 2010) (internal citations omitted); see State
v. Vasquez, 889 S.W.2d 588, 591 (Tex. App.—Houston [14th Dist.] 1994, no
pet.).  The availability of this writ as a post-conviction remedy in federal
courts is subject to question.  See Miller, 599 F.3d at 487. 

The writ of audita
querela is not an available remedy for purposes of collaterally attacking a
final felony conviction in Texas.  See Ex parte Mendenhall, 209 S.W.3d
260, 261 (Tex. App.—Waco 2006, no pet.); McBride v. State, 114 S.W.3d
556, 557 (Tex. App.—Austin 2002, no pet.); see also In re Layton, No. 07-09-0075-CV,
2009 Tex. App. LEXIS 2265, at *5 (Tex. App.—Amarillo Apr. 3, 2009, orig.
proceeding) (mem. op.); Decker v. State, No. 2-06-230-CR, 2006 Tex. App.
LEXIS 7071, at **2–3 (Tex. App.—Fort Worth Aug. 10, 2006, no pet.) (per curiam)
(mem. op., not designated for publication); Lyon v. State, No.
06-05-00142-CR, 2006 Tex. App. LEXIS 1394, at **2–3 (Tex. App.—Texarkana 2006,
no pet.) (mem. op.); Thomas v. State, No. 12-03-00426-CV, 2004 Tex. App.
LEXIS 4621, at **2–3 (Tex. App.—Tyler 2004, pet. ref’d) (mem. op.).  The habeas
corpus procedure set out in article 11.07 of the Code of Criminal Procedure
provides the exclusive remedy for felony post-conviction relief in state court.
 See Tex. Code Crim. Proc. Ann.
art. 11.07 § 5 (West Supp. 2010); Ex parte Brown, 662 S.W.2d 3, 4 (Tex. Crim.
App. 1983) (per curiam).  Relator’s claim for relief is not cognizable by
petition for writ of audita querela.  

V. 
Conclusion

The Court, having
examined and fully considered the petition for writ of audita querela and the
applicable law, is of the opinion that we lack jurisdiction over these matters. 
Accordingly, relator’s petition for writ of audita querela in each of these
causes is dismissed for lack of jurisdiction.  See Tex. R. App. P. 52.8(a).  Relator’s
requests for ancillary or additional relief are likewise dismissed for want of
jurisdiction.

 

 

                                               
                                            

                                                                                    JUSTICE
ROSE VELA

 

Do not publish.  Tex.
R. App. P. 47.2(b).

 

Delivered and filed the 

23rd day of August, 2011.

 

                                                            









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).

 





[2] The Austin, Dallas, and Amarillo
Courts of Appeals have likewise dismissed or denied petitions for writ of audita
querela filed by the relator.  See In re Miears, No. 03-11-00463-CV,
2011 Tex. App. LEXIS 6136, at *1 (Tex. App.—Austin Aug 4, 2011, orig.
proceeding) (mem. op.) (denying petition); In re Miears, No.
05-11-00931-CV, 2011 Tex. App. LEXIS 5878, at *1 (Tex. App.—Dallas July 29,
2011, orig. proceeding) (mem. op.) (dismissing petition); In re Miears, No.
07-11-00295-CR, 2011 Tex. App. LEXIS 5721, at **1–3 (Tex. App.—Amarillo July
26, 2011, orig. proceeding) (mem. op., not designated for publication)
(dismissing petition).