

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE RAMON SORIANO, JR., | § | No. 08-14-00072-CR |
|  | § | ORIGINAL PROCEEDING |
| RELATOR. | § | ON PETITION FOR WRIT OF |
|  | § | MANDAMUS |

**<u>MEMORANDUM OPINION</u>**

Relator, Ramon Soriano, Jr., a Texas inmate, has filed a *pro se* petition for writ of mandamus against the Honorable Maria Salas-Mendoza, Judge of the 120th District Court of El Paso County, Texas. He asks that we order Respondent to set aside his convictions of robbery and aggravated robbery and enter a judgment of acquittal in *The State of Texas v. Ramon Soriano*, Cause Number 75769.

In this original proceeding, Relator seeks relief from his final felony convictions. The procedure established in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when a conviction is final and the applicant is confined by virtue of his felony conviction. TEX.CODE CRIM.PROC.ANN. art. 11.07 (West Supp. 2013); *see Ex Parte Adams*, 768 S.W.2d 281, 287 (Tex.Crim.App. 1989); *McBride v. State*, 114 S.W.3d 556, 557 (Tex.App.--Austin 2002, no pet.). Further, the Court of Criminal Appeals is the only court with jurisdiction in final post-conviction felony proceedings. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07, §§ 3, 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.

1991)(holding that court of appeals improperly granted mandamus relief because the Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings"). While we have jurisdiction to grant mandamus relief against a district judge in our district, we do not have jurisdiction to grant the specific relief requested by Relator. Accordingly, we deny the petition for writ of mandamus. *See* TEX.R.APP.P. 52.8(a).

March 12, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)