**Order entered August 21, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00389-CV

## IN RE CHARLES ANTHONY ALLEN, Relator

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CV99-01573-V**

## ORDER

The Court has received correspondence from the relator dated August 18, 2014 requesting that the Court reconsider its dismissal of his petition for writ of habeas corpus. We treat the correspondence as a motion for rehearing.

The relator is incarcerated because he was found guilty of the criminal offenses of robbery and violating a protective order. *Allen v. State,* No. 05-01-00812-CR, 2002 WL 1286508, at *4 (Tex. App.—Dallas June 12, 2002, pet. ref'd, untimely filed). On March 27, 2014, he filed a petition for writ of habeas corpus contending that his due process rights were violated in conjunction with the granting of the protective order. The Court dismissed relator's petition for writ of habeas corpus on April 17, 2014 on the ground that it lacked jurisdiction over relator's petition for writ of habeas corpus because this Court's habeas corpus jurisdiction is limited to challenges to incarceration on judgments of contempt rendered in civil cases and does not extend to cases in which violation of an order in a civil case is an element of the criminal

charge. *In re Allen,* No. 05-14-00389-CV, 2014 WL 1533207, at *1 (Tex. App.—Dallas Apr. 17, 2014, orig. proceeding) (mem. op.); *see also McBride v. State,* 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet. ("[T]he court of criminal appeals alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of noncapital felonies.").

On July 16, 2014, relator filed a petition for a bill of review, which the Court treated as a motion for rehearing because neither the rules of appellate procedure nor case law provide for an out of time attack on an appellate judgment by bill of review. *In re Allen,* No. 05-14-00389-CV (Tex. App.—Dallas July 23, 2014) (order dismissing bill of review). *Id.* The Court dismissed relator's request for relief on the ground the Court's plenary power had expired. *Id.* The Court neither modified its judgment, vacated its judgment and rendered a new judgment, nor issued a different opinion in conjunction with its dismissal of the petition for bill of review. Accordingly, relator is not now entitled to file a further motion for rehearing, TEX. R. APP. P. 49.5, and in any event, the Court's plenary power over its April 17, 2014 judgment has expired. TEX. R. APP. P. 19.1 (court of appeal's plenary power expires 60 days after judgment if no timely filed motion for rehearing, *en banc* reconsideration, or motion to extend time to file such a motion is pending); TEX. R. APP. P. 52.9 (motions for rehearing must be filed within 15 days after order disposing of original proceeding). We **DENY** relator's motion for rehearing.


/s/    CAROLYN WRIGHT
CHIEF JUSTICE