

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00051-CR

IN RE KIM WAYNE BURDEN

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Kim Wayne Burden has filed a petition for a writ of mandamus requesting this Court to order the Honorable Eddie Northcutt, judge of the 8th Judicial District Court in Delta County, to issue process and order a hearing on his application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Supp.). Burden alleges that he filed an original application for a writ of habeas corpus that the trial court neither timely ruled on nor forwarded to the Texas Court of Criminal Appeals.

"The procedure set forth in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the conviction is final and the applicant is confined by virtue of his felony conviction." *In re Woods*, No. 06-12-00036-CR, 2012 WL 13046384, at *1 (Tex. App.—Texarkana Mar. 9, 2012, orig. proceeding) (mem. op., not designated for publication) (citing *Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989) (orig. proceeding); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.); TEX. CODE CRIM. PROC. ANN. art. 11.07). Jurisdiction over habeas corpus relief under Article 11.07 rests exclusively in the Texas Court of Criminal Appeals. *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (per curiam) (orig. proceeding).

Because Burden filed his application for a writ of habeas corpus under Article 11.07, this Court has no authority to issue a writ of mandamus in connection with it. *In re Woods*, 2012 WL 13046384, at *1; *see In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (per curiam) (holding that appellate courts have no authority to grant

2

mandamus relief when trial court fails to rule on application for writ of habeas corpus). Since exclusive jurisdiction over this proceeding lies in the Texas Court of Criminal Appeals, Burden must seek relief in that court. *See In re Woods*, 2012 WL 13046384, at *1; *In re Watson*, 253 S.W.3d 319, 320 (Tex. App.—Amarillo 2008, orig. proceeding) (per curiam).

For the reasons stated, we dismiss Burden's petition for want of jurisdiction.


Scott E. Stevens
Chief Justice

Date Submitted:     April 25, 2023
Date Decided:      April 26, 2023

Do Not Publish

3