**Ex parte Fred Otis BROWN.**

**No. 69219.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1983.

**4**

OPINION

PER CURIAM.

This is a purported post-conviction application for writ of habeas corpus which was forwarded by the trial court to this Court pursuant to the provisions of Article 11.07, V.A.C.C.P. *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App.1967).

The applicant was convicted of the offense of robbery. Punishment, enhanced by two prior felony convictions, was assessed at life. The record reflects that a direct appeal of applicant's conviction is presently pending in the Court of Appeals for the Second Supreme Judicial District in Cause No. 2–83–322–CR.

The habeas corpus jurisdiction of the district court is limited only by Article 11.07, V.A.C.C.P., which requires that, if the applicant is held by virtue of a "final conviction" in a felony case, the writ is returnable to this Court. *Ex parte Friday,* 545 S.W.2d 182 (Tex.Cr.App.1977). The procedure outlined in Article 11.07, supra, is the exclusive felony post-conviction remedy in the courts of this State. A conviction is, however, not "final" in this context until the direct appeal has been decided. *Ex parte Mayes,* 538 S.W.2d 637 (Tex.Cr.App. 1976). A conviction which has been affirmed by this Court but which is the subject of a stay of execution issued by the Supreme Court of the United States is not a final felony conviction for habeas corpus purposes. *Houston Chronicle Publishing Company v. McMaster,* 598 S.W.2d 864 (Tex.Cr.App.1980). Nor is a conviction final while the accused is still serving a probated felony sentence. *Ex parte Payne,* 618 S.W.2d 380 (Tex.Cr.App.1981); *Ex parte Gauthier,* 618 S.W.2d 382 (Tex.Cr.App.1981).

This application is therefore denied without prejudice to the applicant seeking leave to file such supplemental material as he may desire in the Court of Appeals.

Fred Otis Brown, pro se.

Robert Huttash, State's Atty., Austin, for the State.