NUMBER 13-99-182-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



ROGERS LEAMON BASPED, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 25th District Court 

of Lavaca County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Dorsey and
Rodriguez 

Opinion by Chief Justice Seerden 



Rogers Leamon Basped, appellant, was arrested and indicted for possession of a
controlled substance, cocaine, in an amount less than one gram, a state jail felony. Tex.
Health & Safety Code Ann. 481.115(b) (Vernon 2000). Appellant was tried and convicted
of that offense on December 8, 1998. On February 9, 1999, the trial court assessed
punishment at fifteen months in state jail. Appellant filed a timely notice of appeal on
February 17, 1999. On July 23, 1999, appellant filed an application for writ of habeas
corpus in the trial court, alleging that the State had suppressed exculpatory evidence.
The trial court denied the application on jurisdictional grounds. In this appeal,
appellant claims that the trial court erred in denying his application for writ of habeas
corpus and that the evidence adduced at trial was insufficient to find him guilty beyond a
reasonable doubt. 

Habeas Corpus 

By his first issue, appellant contends that the trial court erred in denying his
application for writ of habeas corpus. Writs of habeas corpus are available in two
temporal circumstances: after indictment but prior to conviction, Tex. Code Crim. Proc.
Ann. art. 11.07, 2 (Vernon 1999), and after the conviction is final. Tex. Code Crim. Proc.
Ann. art. 11.07, 3 (Vernon 1999). Once a direct appeal is perfected, the conviction is not
final until the direct appeal has been decided. Ex parte Brown, 662 S.W.2d 3, 4
(Tex. Crim. App. 1983). Until the conviction is final, the applicant has no basis to seek
a writ of habeas corpus pursuant to article 11.07. Tex. Code Crim. Proc. Ann. art. 11.07,
3(a) (Vernon 1999); Garcia, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). 

We hold that the trial court did not err in denying the application for habeas corpus.
Appellant's first issue is overruled. 

SUFFICIENCY OF THE EVIDENCE 

By his second issue, appellant challenges the sufficiency of the evidence adduced at
trial to support his conviction. He does not specify whether he is challenging the legal
or factual sufficiency of the evidence so we will construe his challenge as extending to
each. When conducting a legal sufficiency analysis, we view the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact could have found
the essential elements of the crime proven beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Williams v. State,
937 S.W.2d 479, 482 (Tex. Crim. App. 1996). The jury, as fact finder, is entitled to weigh
all of the evidence and make reasonable inferences therefrom. By contrast, our review of
factual sufficiency claims requires us to determine whether the verdict is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and patently unjust. Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). 

A person commits the offense of possession of cocaine if he or she knowingly or
intentionally possessed cocaine. Possession is defined as "actual care, custody,
control, or management." Tex. Health & Safety Code Ann. 481.002 (38) (Vernon
2000). The State must not only prove that the accused was in possession of the cocaine,
but also that the accused had knowledge that the substance was cocaine. See King v.
State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). 

At trial, Officer John Schultz of the Hallettsville Police Department testified that he
observed appellant driving a green pickup truck on the evening of June 5, 1998. He stated
that he knew from prior encounters that appellant did not have a drivers' license, and
stated that a subsequent check with the Hallettsville Police Department dispatcher
confirmed his knowledge. Schultz radioed other officers, asking them to stop the green
truck and verify that appellant did not have a license. Officer Jose Aguilar then
effectuated a traffic stop and confirmed that appellant was driving without a license.
Schultz arrived on the scene several minutes later. 

Aguilar testified that during the course of the stop, he sought appellant's consent to
search the vehicle. Appellant consented, but according to Aguilar and Schultz, asked to
get "his cigarettes" from the truck. The officers denied his request, and
Schultz commenced his search. Schultz testified that he discovered a pack of Marlboro
Lights cigarettes on the front seat of the truck, near the driver's side of the vehicle.
Schultz stated that he opened the package and noticed a small, white, rock-shaped
substance inside of the package. He believed the substance to be rock cocaine. Schultz
stated that he searched the interior of the vehicle extensively and did not discover any
other cigarette packages.(1) William Chandley, a DPS
chemist, testified that he tested the substance and verified that it was cocaine. 

Appellant testified on his own behalf. Primarily, appellant testified that he does not
smoke Marlboro Lights and that the pack of cigarettes found in the truck was not his. He
stated that he had been "up the street" when the truck's owner, Donald Callaway,
had approached him about the truck's brakes. Appellant testified that he is a mechanic and
had previously done some work on the truck for Callaway. He stated that Callaway wanted
him to test drive the vehicle to determine the nature of the problem with the brakes. He
stated that when he was stopped, after giving his consent to search the vehicle, he asked
the officers if he could get "a cigarette." When asked specifically about this
request, appellant testified that he had received "a Marl--, a Newport from a friend
of mine, a Newport from a friend of mine that I had." He testified that he "got
messed -- I got a little confused you know, but I had a Newport." He testified that
the Marlboro Lights were not his, that they were in the truck when he got in, that he
never touched the Marlboro Lights box, and that the cocaine found in the box was not his. 

Examining this evidence in the light most favorable to the verdict, there is sufficient
proof that appellant was driving the vehicle at the time of the stop; that he asked for
his cigarettes; that officers found only one package of cigarettes in the truck; and that
the package contained crack cocaine. This leads to a reasonable inference that the
cigarette box was appellant's and, thus, there is some evidence that the cocaine was
likewise his. This evidence is legally sufficient to support the verdict. 

Similarly, the verdict is not so against the great weight and preponderance of the
evidence as to be clearly wrong and unjust. The mitigating evidence in this case is
appellant's repeated assertions that he only smokes Newport cigarettes and did not smoke
Marlboro Lights. However, even appellant's own testimony places this assertion in some
doubt. While it is likely to some degree that appellant may indeed have been confused
during his testimony and inadvertently identified "his cigarettes" as Marlboro
Lights, the weight to be given to that statement is assessed solely by the jury. Given the
relatively strong inferences created by the remaining evidence, it was within the jury's
power to construe appellant's testimony against him. Accordingly, we conclude that this
evidence is factually sufficient to support the conviction beyond a reasonable doubt.
Appellant's second issue is overruled. 

The judgment of the trial court is AFFIRMED. 







__________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 28th day of April, 2000. 

1. We note, however, that the substance of appellant's application
for writ of habeas corpus stems from his assertions that the State suppressed a second
package of cigarettes found in the vehicle during the search. Because the application was
properly denied for want of jurisdiction, the substance of appellant's complaint is not
before us and clearly, such evidence was not before the jury during this trial.