NO. 07-01-0082-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 29, 2001



______________________________




CHRISTOPHER D. BROWN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431758; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Upon a plea of guilty, on July 27, 2000, appellant Christopher D. Brown was
convicted of possession of a controlled substance, a state jail felony, and punishment was
assessed at 18 months confinement. The trial court suspended the imposition of sentence
and placed appellant on community supervision. Upon the State's motion to revoke for
alleged violations of the terms and conditions of community supervision, the trial court
conducted a hearing. After evidence was presented, appellant's community supervision
was revoked and the original sentence of 18 months confinement was imposed. In
presenting this appeal, counsel has filed an Anders (1) brief in support of a motion to
withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted
and the judgment is affirmed.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a pro se brief and the State did not
favor us with a brief. 

 At the hearing on the State's motion to revoke appellant entered a plea of not true
to the allegations and the State presented evidence of the violations. A community
supervision officer testified that appellant violated the conditions of his community
supervision by failing:


 

to report for the month of September 2000;
 to provide proof of employment;
 to complete Life Skills and Employment Education classes;
 to pay court costs for September 2000;
 to pay community supervision fees for September 2000;
 to pay restitution for September 2000;
 to report to the community supervision office twice daily when not
gainfully employed; and
 to pay attorney's fees for September 2000.



Officers Robert Garza and Morene Pair of the Texas Tech Police Department testified that
appellant evaded arrest on September 11, 2000, after an attempted theft was reported on
campus. At the conclusion of the evidence the trial court found that appellant had violated
numerous conditions and revoked community supervision.

 Counsel presents one arguable issue by which he contends the trial court abused
its discretion in revoking appellant's community supervision. When reviewing an order
revoking community supervision, the sole question before this Court is whether the trial
court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). 
In a revocation proceeding, the State must prove by a preponderance of the evidence that
appellant violated a condition of community supervision. One sufficient ground for
revocation supports the trial court's order. Moore v. State, 605 S.W.2d 924, 925
(Tex.Cr.App. 1980). The evidence presented by the State established by a preponderance
of the evidence that appellant violated numerous conditions of his community supervision. 
Thus, the trial court did not abuse its discretion in revoking his community supervision and
imposing the original sentence of 18 years confinement.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



idden="false"
 UnhideWhenUsed="false" Name="Dark List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00103-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MAY
17, 2011

 



 

RICKY D. HOWELL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 99TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 97-425,194; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appearing
pro se, appellant Ricky D. Howell
attempts to appeal an order of the trial court dismissing his motion to set
aside and vacate a void judgment and sentence. 
Finding we lack jurisdiction over the matter, we will dismiss the
appeal.

            In
1997, appellant entered an open plea of guilty to aggravated sexual assault in
trial court case numbers 97-425,193 and 97-425,194.  The trial court assessed punishment in each
case at life in prison and a fine of $10,000. 
The sentences were cumulated.  We
affirmed appellants convictions and sentences in 1998, in appellate case
numbers 07-97-0345-CR[1]
and 07-97-0346-CR.[2]  Appellant did not seek review of either
decision by the Court of Criminal Appeals.

            In
January 2011, appellant filed his present motion in the trial court under case
number 97-425,194.  He asserted the
indictment fail[ed] to meet the constitutional and
Statutory (sic) requisites of a Grand Jury indictment.  Hence, he continued, subject matter
jurisdiction did not attach and his conviction is void.  Appellant further asserted the trial court
rendered punishment through a unitary bench trial it had no authority to
conduct.  According to the prayer, the
trial court must set aside its (sic) judgment and conviction and order
defendant released from cause No. 97-425,195.  (Emphasis added).  As authority for the motion, appellant relied
on Texas Rule of Civil Procedure 329b(f),(g).  Tex. R. Civ. P. 329b(f),(g).

By order signed February 16, 2011,
the trial court denied the motion. 
Appellant filed a notice of appeal in case number 97-425,194 on March
2.  The clerks record was filed April
28, and we note it does not contain a certification of appellants right of
appeal.  Tex. R. App. P. 25.2(a)(2),(d).

            Appellants
motion did not use the phrase habeas corpus, but its content indicates
appellant sought habeas relief.[3]  See Tex. Code Crim. Proc. Ann. art. 11.01 (West 2005)
([t]he writ of habeas corpus is the remedy to be used when any person is
restrained in his liberty"); Ex
parte Harris, 495 S.W.2d 231, 232 (Tex.Crim.App.
1973) (relief by habeas corpus is available to a person in custody under a
sentence which is void because the punishment is unauthorized); Martin v. State, No. 03-10-0075-CR, 2010
Tex. App. Lexis 7242 (Tex.App.--Austin Aug. 31, 2010,
pet. refused) (mem. op., not designated for
publication) (holding motion to set aside and vacate a void judgment filed
over eight years after sentencing by inmate serving life sentence for
aggravated sexual assault was in substance an application for writ of habeas
corpus).  Post-conviction relief from a
final felony conviction where the death penalty was not assessed is cognizable
on a writ of habeas corpus.  See Ex parte Rich, 194
S.W.3d 508, 511 (Tex.Crim.App. 2006); Mizell v. State, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003).

Appellant is confined in the
Institutional Division of the Texas Department of Criminal Justice as the
result of a final felony conviction and seeks relief from that
confinement.  The habeas corpus procedure
set out in article 11.07 of the Code of Criminal Procedure provides the
exclusive remedy for felony post-conviction relief in state court.  Tex. Code Crim. Proc. Ann.
art. 11.07 § 5 (West Supp. 2010); Ex parte Brown, 662 S.W.2d 3, 4 (Tex.Crim.App.
1983) (per curiam).  If the applicant is held by virtue of a final
conviction in a felony case, the writ is returnable to the Court of Criminal
Appeals.  Tex. Code
Crim. Proc. Ann. art. 11.07 § (3)(a) (West
2010); Brown, 662 S.W.2d at 4.  There is no role for the courts of appeals in
the procedure under article 11.07.  Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (West 2010); see Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App.
1991) (orig. proceeding) (stating only the Texas Court of Criminal Appeals has
jurisdiction over state post-conviction felony proceedings).

            Regardless
of the procedure appellant intended to initiate in the trial court by filing
the motion, we have no jurisdiction to review that courts ruling.  We therefore dismiss appellants case for
want of jurisdiction.  In so doing, we
also dismiss appellants pending motion to transfer original documents to
court of appeals and motion for waiver of court rules for filing in the court
of appeals for want of jurisdiction.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.

 

            








 











[1] Howell v.
State, No. 07-97-0345-CR, 1998 Tex.
App. Lexis 5075 (Tex.App.--Amarillo Aug. 18, 1998, no
pet.) (not designated for
publication) (trial court case number 97-425,193).





 

[2] Howell v.
State, No. 07-97-0346-CR, 1998 Tex. App. Lexis 5076 (Tex.App.--Amarillo
Aug. 18, 1998, no pet.) (not designated for publication) (trial court case number 97-425,194).





[3] In his attempted appeal to a sister
court of an order denying a motion to set aside and vacate the judgment and
sentence as void, appellant explained he was intentionally seeking relief
under civil procedure Rule 329b(f) rather than a
post-conviction writ of habeas corpus under article 11.07 of the Code of
Criminal Procedure.  Howell v. State, No. 11-11-0087-CR, 2011
Tex. App. Lexis 3214, at *1-*2 (Tex.App.--Eastland
Apr. 28, 2011, n.p.h.) (per
curiam, mem. op., not
designated for publication).  Finding appellants
reliance on the rules of civil procedure misplaced, the court concluded
appellants motion was not an appealable order and dismissed the cause for want
of jurisdiction.  Id. at *2.