# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00579-CR

**Bobby Dale Furr, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT NO. CR91-0041-B, HONORABLE CURT F. STEIB, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 1991, Bobby Dale Furr was convicted of voluntary manslaughter and sentenced to nineteen years in prison. On September 3, 2003, Furr filed in the district court a motion to vacate his conviction complaining that the published penal code is not properly authenticated. On September 11, 2003, the court ordered that relief be denied after concluding, among other things, that a motion to vacate is not the proper vehicle for challenging a final felony conviction. Furr filed a notice of appeal from the order.

The legislature has prescribed the writ of habeas corpus as the remedy to be used when any person is restrained in his liberty. *See* Tex. Code Crim. Proc. Ann. art. 11.01 (West 1977). The procedure outlined in code of criminal procedure article 11.07 is the exclusive felony post-conviction remedy in the courts of this state. *Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim.

App. 1989); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983); *see* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2003) (post-conviction habeas corpus procedure in noncapital cases). We agree with the district court that Furr cannot collaterally attack his conviction by means of a motion to vacate. The motion did not properly invoke the jurisdiction of the district court or this Court.

The appeal is dismissed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, B. A. Smith and Patterson

Dismissed

Filed:   October 16, 2003

Do Not Publish