NO. 07-07-0165-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 7, 2007


______________________________




In re RAY GUTIERREZ, 



 Relator


_______________________________


 


Memorandum Opinion on Original Proceeding for Writ of Mandamus


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Pending before this court is the application of Ray Gutierrez for a writ of mandamus. 
He requests that we "issue a WRIT OF MANDAMUS . . . compelling the [154th Judicial
District Court of Lamb County] to act in giving consideration to rule upon his MOTIONS
FOR A TRIAL RECORDS [sic]." We deny the application for the reasons which follow. First, Rule 52 of the appellate rules requires the application for extraordinary relief
to include a 1) section identifying the parties and counsel, 2) table of contents, 3) index of
authorities, 4) statement of the case, and 5) statement of the issues presented. Tex. R.
App. P. 52.3. Each is missing from Gutierrez' application, and that he may be acting pro
se does not relieve him of complying with those rules. Holt v. F.F. Enters., 990 S.W.2d
756, 759 (Tex. App.-Amarillo 1998, pet. denied).

 Second, nothing of record indicates that the motions purportedly filed below were
brought to the attention of the district court. Simply put, before mandamus relief may
issue, the petitioner must establish that the district court 1) had a legal duty to perform a
non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. 
O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62
S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding). Given this, it is encumbent
upon Gutierrez to illustrate that the district court received and was aware of his motion. (1) 
This is so because a court cannot be faulted for doing nothing when it is or was unaware
of the need to act. Here, the record simply indicates that Gutierrez' motion was filed with
the "154th Judicial District Court of Lamb County." Whether the trial court was ever made
aware of it is unknown. Lacking that information, we cannot simply assume that the district
court knew of its duty to act and neglected to perform it. Thus, Gutierrez has not fulfilled
his burden to illustrate that the trial court refused to act.

 Third, and assuming arguendo that the pleading was brought to the attention of a
district court, the latter has a duty to consider and act upon it. In re Bates, 65 S.W.3d 133,
134-35 (Tex. App.-Amarillo 2001, orig. proceeding); In re Ramirez, 994 S.W.2d 682, 683
(Tex. App.-San Antonio 1998, orig. proceeding). This is so because the task of
considering it is ministerial. In re Bates, 65 S.W.3d at 134-35; Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.-San Antonio 1997, orig. proceeding), quoting
O'Donniley v. Golden, 860 S.W.2d 267, 269-70 (Tex. App.-Tyler 1993, orig. proceeding). 
However, the court has a reasonable time within which to act. In re Bates, 65 S.W.3d at
135. And, whether that period lapsed is dependent upon the circumstances of each case. 
Id. In other words, no bright line demarcates the boundaries of a reasonable time period. 
Id. Many indicia are influential, not the least of which are the trial court's actual knowledge
of the motion, its overt refusal to act on same, the state of the court's docket, and the
existence of other judicial and administrative matters which must be addressed first. Id. 
So too must the trial court's inherent power to control its own docket be included in the mix. 
In re Bates, 65 S.W.3d at 135; see Ho v. University of Texas at Arlington, 984 S.W.2d 672,
694-695 (Tex. App.-Amarillo 1998, pet. denied) (holding that a court has the inherent
authority to control its own docket). Since that power is discretionary, Hoggett v. Brown,
971 S.W.2d 472, 495 (Tex. App.-Houston [14th Dist.] 1997, pet. denied), we must be wary
of interfering with its exercise without legitimate basis. And, since the party requesting
mandamus relief has the burden to provide us with a record sufficient to establish his right
to same, Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); In re Bates, 65 S.W.3d at
135, Gutierrez had the obligation to provide us with a record establishing that a properly
filed motion has awaited disposition for an unreasonable length of time. He has not done
that. 

 The record before us merely illustrates that Gutierrez purportedly filed his motion
with the 154th Judicial District Court of Lamb County. Yet, no other evidence purporting to
touch upon the indicia discussed in the preceding paragraph appears of record. And,
because we do not hold that the district court's failure to act upon a motion about which it
may have no knowledge constitutes unreasonable delay per se, Gutierrez failed to satisfy
his burden of proof. 

 Next, Gutierrez seeks the record in effort to determine whether grounds exist to
attack his 2003 conviction via habeas corpus under art. 11.07 of the Code of Criminal
Procedure. Attempting to prosecute such a writ evinces that he exhausted his direct
appeals. See Ex parte Brown, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (stating that one
must first exhaust his direct appeals before invoking art. 11.07). His direct appeals being
exhausted, he is not entitled to a free record. In re McCarty, No. 08-05-0355-CR, 2005
Tex. App. Lexis 10197 (Tex. App.-El Paso December 8, 2005, orig. proceeding); In re
Trevino, 79 S.W.3d 794, 795-96 (Tex. App.-Corpus Christi 2002, orig. proceeding). Thus,
the relief Gutierrez ultimately seeks from the trial court is not permitted by law, without a
showing of exceptional circumstances, In re Trevino, supra, and we have been cited to no
such circumstances. 

 Accordingly, the application for writ of mandamus pending before this court is
denied.

 

 Brian Quinn 

 Chief Justice 







 
1. Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's
knowledge imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig.
proceeding). Thus, Gutierrez must prove that the trial court received notice of the pleading. Id. Merely
alleging that something was filed with or mailed to the district clerk does not satisfy that requirement. Id.



68" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0342-CV

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

SEPTEMBER 1, 2010

______________________________

 

 

In re
CRAIG E. MENDENHALL,

 

                                                            Relator

_______________________________

 

Original Proceeding

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the petition of Craig
E. Mendenhall for a writ of mandamus. He requests that we order the trial court
to rule on his Motion for Final Summary Judgment.   We
deny the petition.

First, rules of procedure obligate one
seeking mandamus relief to accompany his petition with an appendix.  Tex. R. App. P. 52.3(j).  The latter must include, among other things,
a certified or sworn copy of the document showing the matter complained of. This the relator failed to do. Here,
the document showing the matter complained of would be the motion for final
summary judgment. It did not accompany, either 
separately or within an appendix, the petition for mandamus relief.  And, that Mendenhall may be acting pro se does not relieve him of complying
with the rules of procedure. Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex. App.Amarillo 1998,
pet. denied).








             Next, it is the relators
burden to establish that the district court 1) had a legal duty to perform a
non-discretionary act, 2) was asked to perform the act, and 3) failed or
refused to do so.  OConnor
v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.Amarillo 2001, orig.
proceeding).  Therefore, relator was required to show that the trial court received
notice of his motion.[1]  Moreover, even if the motion was brought to
the attention of the district court, the court has a reasonable time within
which to act.  In re Bates, 65
S.W.3d 133, 135 (Tex. App.Amarillo 2001, orig. proceeding); Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.San Antonio 1997, orig.
proceeding).  Whether that reasonable
period has lapsed is dependent upon the circumstances of each case and we must
take into consideration the trial courts actual knowledge of the motion, its
overt refusal to act on the same, the state of the courts docket, and the
existence of other judicial and administrative matters which must be addressed
first.  In re Bates,
65 S.W.3d at 135.  Since the
trial court has discretionary power to control its own docket, Hoggett v. Brown, 971 S.W.2d 472, 495 (Tex.
App.Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering
with its exercise of that discretion without legitimate basis, and the party
requesting mandamus relief has the burden to provide us with a sufficient
record to establish his right to the same. 
Relator has failed to satisfy his burden.  

            

 

Accordingly, the petition for writ of
mandamus is denied.

 

                                                                                    Brian
Quinn 

                                                                                   Chief Justice

 











[1]Filing something with the district
clerk does not mean the trial court is aware of it and the clerks knowledge is
not imputed to the trial court.  In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.Amarillo
2001, orig. proceeding).