NO. 07-07-0165-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 7, 2007
_____

In re RAY GUTIERREZ,

Relator

_____

***Memorandum Opinion on Original Proceeding for Writ of Mandamus***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the application of Ray Gutierrez for a writ of mandamus. He requests that we "issue a WRIT OF MANDAMUS . . . compelling the [154th Judicial District Court of Lamb County] to act in giving consideration to rule upon his MOTIONS FOR A TRIAL RECORDS [sic]." We deny the application for the reasons which follow.

First, Rule 52 of the appellate rules requires the application for extraordinary relief to include a 1) section identifying the parties and counsel, 2) table of contents, 3) index of authorities, 4) statement of the case, and 5) statement of the issues presented. TEX. R. APP. P. 52.3. Each is missing from Gutierrez' application, and that he may be acting *pro se* does not relieve him of complying with those rules. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Second, nothing of record indicates that the motions purportedly filed below were brought to the attention of the district court.  Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).  Given this, it is encumbent upon Gutierrez to illustrate that the district court received and was aware of his motion.[1] This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act.  Here, the record simply indicates that Gutierrez' motion was filed with the "154th Judicial District Court of Lamb County."  Whether the trial court was ever made aware of it is unknown.  Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, Gutierrez has not fulfilled his burden to illustrate that the trial court refused to act.

Third, and assuming *arguendo* that the pleading was brought to the attention of a district court, the latter has a duty to consider and act upon it.  *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding).  This is so because the task of considering it is ministerial.  *In re Bates*, 65 S.W.3d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.–Tyler 1993, orig. proceeding).

---

[1]Filing something with the district clerk does not mean the trial court knows of it.  Nor is that clerk's knowledge imputed to the trial court.  *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).  Thus, Gutierrez must prove that the trial court received notice of the pleading.  *Id.*  Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement.  *Id.*

However, the court has a reasonable time within which to act. *In re Bates,* 65 S.W.3d at 135. And, whether that period lapsed is dependent upon the circumstances of each case. *Id.* In other words, no bright line demarcates the boundaries of a reasonable time period. *Id*. Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.3d at 135; *see Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Bates,* 65 S.W.3d at 135, Gutierrez had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time. He has not done that.

The record before us merely illustrates that Gutierrez purportedly filed his motion with the 154th Judicial District Court of Lamb County. Yet, no other evidence purporting to touch upon the indicia discussed in the preceding paragraph appears of record. And, because we do not hold that the district court's failure to act upon a motion about which it

3

may have no knowledge constitutes unreasonable delay *per se*, Gutierrez failed to satisfy his burden of proof.

Next, Gutierrez seeks the record in effort to determine whether grounds exist to attack his 2003 conviction via habeas corpus under art. 11.07 of the Code of Criminal Procedure. Attempting to prosecute such a writ evinces that he exhausted his direct appeals. *See Ex parte Brown,* 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (stating that one must first exhaust his direct appeals before invoking art. 11.07). His direct appeals being exhausted, he is not entitled to a free record. *In re McCarty*, No. 08-05-0355-CR, 2005 Tex. App. LEXIS 10197 (Tex. App.–El Paso December 8, 2005, orig. proceeding); *In re Trevino*, 79 S.W.3d 794, 795-96 (Tex. App.–Corpus Christi 2002, orig. proceeding). Thus, the relief Gutierrez ultimately seeks from the trial court is not permitted by law, without a showing of exceptional circumstances, *In re Trevino, supra,* and we have been cited to no such circumstances.

Accordingly, the application for writ of mandamus pending before this court is denied.


      Brian Quinn
      Chief Justice