Opinion filed January 27,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00378-CR

                                                    __________

 

                                         IN
RE JACOB BARRON



 

                                         Original
Mandamus Proceeding

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Relator, Jacob Barron, has filed a pro se petition for writ of mandamus.  Based upon a
limited record, he seeks an order from this court that would reform the trial
court’s judgments rendered in 2007 in trial court cause nos. 06-6547-C and
06-6548-C by deleting the portion of the judgments requiring that his two
ten-year sentences be served consecutively.  He bases his requested relief on
the contention that the trial court’s act of cumulating the two sentences
constitutes a void judgment under applicable law.  For the reasons set forth
herein, we deny relator’s request for mandamus relief.

In order to obtain mandamus relief in a criminal setting, the
Court of Criminal Appeals requires the relator to establish that (1) he has no
adequate remedy at law to redress his alleged harm and (2) the act that he
seeks to compel is a ministerial act, not involving a discretionary or judicial
decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (citing De Leon v.
Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)).  Relator has not
established that he does not have an adequate remedy at law.  In that regard, an improper cumulation of sentences is subject to habeas
corpus relief.[1]
Ex parte Vasquez, 712 S.W.2d 754 (Tex. Crim. App. 1986).

Relator’s
petition for writ of mandamus fails to demonstrate that his right to pursue a
remedy by a writ of habeas corpus would be inadequate to address the alleged error
he now asserts.  A petition for writ of habeas corpus is generally an adequate
remedy that will preclude mandamus relief.  In re Piper, 105 S.W.3d 107,
109 (Tex. App.—Waco 2003, orig. proceeding); see Banales v. Court of
Appeals for the Thirteenth Judicial Dist., 93 S.W.3d 33, 36 (Tex. Crim. App.
2002) (orig. proceeding).  Accordingly, relator has failed to satisfy the first
requirement of the mandamus standard.

Moveover,
the habeas corpus procedure set out in Article 11.07 of the Texas Code of
Criminal Procedure provides the exclusive remedy for felony postconviction
relief in state court. Tex. Code Crim.
Proc. Ann. art. 11.07, § 5 (Vernon Supp. 2010); Bd. of Pardons &
Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d
481, 484 (Tex. Crim. App. 1995); Ex parte Brown, 662 S.W.2d 3, 4 (Tex. Crim.
App. 1983) (per curiam).  If the habeas corpus applicant is held by virtue of a
final conviction in a felony case, the writ is returnable to the Texas Court of
Criminal Appeals.  Article 11.07, section 3(a); Brown, 662 S.W.2d
at 4. There is no role for the courts of appeals in the procedure under Article
11.07.  Article 11.07, section 3; see Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding) (stating that
only the Court of Criminal Appeals has jurisdiction over state postconviction
felony proceedings).

            We deny relator’s request for mandamus relief.

 

                                                                                                PER
CURIAM

 

January 27, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We express no opinion with regard to relator’s claim
that the trial court’s judgment cumulating the two sentences constitutes a void
judgment.