**Opinion filed January 27, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00378-CR
_____

## IN RE JACOB BARRON

---

**Original Mandamus Proceeding**

---

**M E M O R A N D U M   O P I N I O N**

Relator, Jacob Barron, has filed a pro se petition for writ of mandamus. Based upon a limited record, he seeks an order from this court that would reform the trial court's judgments rendered in 2007 in trial court cause nos. 06-6547-C and 06-6548-C by deleting the portion of the judgments requiring that his two ten-year sentences be served consecutively. He bases his requested relief on the contention that the trial court's act of cumulating the two sentences constitutes a void judgment under applicable law. For the reasons set forth herein, we deny relator's request for mandamus relief.

In order to obtain mandamus relief in a criminal setting, the Court of Criminal Appeals requires the relator to establish that (1) he has no adequate remedy at law to redress his alleged harm and (2) the act that he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (citing *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)). Relator has not established that he does not have an adequate remedy at law.

In that regard, an improper cumulation of sentences is subject to habeas corpus relief.[1] *Ex parte Vasquez*, 712 S.W.2d 754 (Tex. Crim. App. 1986).

Relator's petition for writ of mandamus fails to demonstrate that his right to pursue a remedy by a writ of habeas corpus would be inadequate to address the alleged error he now asserts. A petition for writ of habeas corpus is generally an adequate remedy that will preclude mandamus relief. *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding); *see Banales v. Court of Appeals for the Thirteenth Judicial Dist.*, 93 S.W.3d 33, 36 (Tex. Crim. App. 2002) (orig. proceeding). Accordingly, relator has failed to satisfy the first requirement of the mandamus standard.

Mooveover, the habeas corpus procedure set out in Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive remedy for felony postconviction relief in state court. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2010); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (per curiam). If the habeas corpus applicant is held by virtue of a final conviction in a felony case, the writ is returnable to the Texas Court of Criminal Appeals. Article 11.07, section 3(a); *Brown*, 662 S.W.2d at 4. There is no role for the courts of appeals in the procedure under Article 11.07. Article 11.07, section 3; *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding) (stating that only the Court of Criminal Appeals has jurisdiction over state postconviction felony proceedings).

We deny relator's request for mandamus relief.

PER CURIAM

January 27, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1] We express no opinion with regard to relator's claim that the trial court's judgment cumulating the two sentences constitutes a void judgment.