NO. 07-11-00103-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MAY
17, 2011

 



 

RICKY D. HOWELL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 99TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 97-425,194; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appearing
pro se, appellant Ricky D. Howell
attempts to appeal an order of the trial court dismissing his “motion to set
aside and vacate a void judgment and sentence.” 
Finding we lack jurisdiction over the matter, we will dismiss the
appeal.

            In
1997, appellant entered an open plea of guilty to aggravated sexual assault in
trial court case numbers 97-425,193 and 97-425,194.  The trial court assessed punishment in each
case at life in prison and a fine of $10,000. 
The sentences were cumulated.  We
affirmed appellant’s convictions and sentences in 1998, in appellate case
numbers 07-97-0345-CR[1]
and 07-97-0346-CR.[2]  Appellant did not seek review of either
decision by the Court of Criminal Appeals.

            In
January 2011, appellant filed his present motion in the trial court under case
number 97-425,194.  He asserted the
indictment “fail[ed] to meet the constitutional and
Statutory (sic) requisites of a Grand Jury indictment.”  Hence, he continued, subject matter
jurisdiction did not attach and his conviction is void.  Appellant further asserted the trial court
“rendered punishment through a unitary bench trial it had no authority to
conduct.”  According to the prayer, the
trial court “must set aside it’s (sic) judgment and conviction and order
defendant released from cause No. 97-425,195.”  (Emphasis added).  As authority for the motion, appellant relied
on Texas Rule of Civil Procedure 329b(f),(g).  Tex. R. Civ. P. 329b(f),(g).

By order signed February 16, 2011,
the trial court denied the motion. 
Appellant filed a notice of appeal in case number 97-425,194 on March
2.  The clerk’s record was filed April
28, and we note it does not contain a certification of appellant’s right of
appeal.  Tex. R. App. P. 25.2(a)(2),(d).

            Appellant’s
motion did not use the phrase habeas corpus, but its content indicates
appellant sought habeas relief.[3]  See Tex. Code Crim. Proc. Ann. art. 11.01 (West 2005)
(“[t]he writ of habeas corpus is the remedy to be used when any person is
restrained in his liberty"); Ex
parte Harris, 495 S.W.2d 231, 232 (Tex.Crim.App.
1973) (relief by habeas corpus is available to a person in custody under a
sentence which is void because the punishment is unauthorized); Martin v. State, No. 03-10-0075-CR, 2010
Tex. App. Lexis 7242 (Tex.App.--Austin Aug. 31, 2010,
pet. refused) (mem. op., not designated for
publication) (holding “motion to set aside and vacate a void judgment” filed
over eight years after sentencing by inmate serving life sentence for
aggravated sexual assault was in substance an application for writ of habeas
corpus).  Post-conviction relief from a
final felony conviction where the death penalty was not assessed is cognizable
on a writ of habeas corpus.  See Ex parte Rich, 194
S.W.3d 508, 511 (Tex.Crim.App. 2006); Mizell v. State, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003).

Appellant is confined in the
Institutional Division of the Texas Department of Criminal Justice as the
result of a final felony conviction and seeks relief from that
confinement.  The habeas corpus procedure
set out in article 11.07 of the Code of Criminal Procedure provides the
exclusive remedy for felony post-conviction relief in state court.  Tex. Code Crim. Proc. Ann.
art. 11.07 § 5 (West Supp. 2010); Ex parte Brown, 662 S.W.2d 3, 4 (Tex.Crim.App.
1983) (per curiam).  If the applicant is held by virtue of a final
conviction in a felony case, the writ is returnable to the Court of Criminal
Appeals.  Tex. Code
Crim. Proc. Ann. art. 11.07 § (3)(a) (West
2010); Brown, 662 S.W.2d at 4.  There is no role for the courts of appeals in
the procedure under article 11.07.  Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (West 2010); see Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App.
1991) (orig. proceeding) (stating only the Texas Court of Criminal Appeals has
jurisdiction over state post-conviction felony proceedings).

            Regardless
of the procedure appellant intended to initiate in the trial court by filing
the motion, we have no jurisdiction to review that court’s ruling.  We therefore dismiss appellant’s case for
want of jurisdiction.  In so doing, we
also dismiss appellant’s pending “motion to transfer original documents to
court of appeals” and “motion for waiver of court rules for filing in the court
of appeals” for want of jurisdiction.

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.

 

            








 











[1] Howell v.
State, No. 07-97-0345-CR, 1998 Tex.
App. Lexis 5075 (Tex.App.--Amarillo Aug. 18, 1998, no
pet.) (not designated for
publication) (trial court case number 97-425,193).





 

[2] Howell v.
State, No. 07-97-0346-CR, 1998 Tex. App. Lexis 5076 (Tex.App.--Amarillo
Aug. 18, 1998, no pet.) (not designated for publication) (trial court case number 97-425,194).





[3] In his attempted appeal to a sister
court of an order denying a “motion to set aside and vacate the judgment and
sentence as void,” appellant explained he was intentionally seeking relief
under civil procedure Rule 329b(f) rather than a
post-conviction writ of habeas corpus under article 11.07 of the Code of
Criminal Procedure.  Howell v. State, No. 11-11-0087-CR, 2011
Tex. App. Lexis 3214, at *1-*2 (Tex.App.--Eastland
Apr. 28, 2011, n.p.h.) (per
curiam, mem. op., not
designated for publication).  Finding appellant’s
reliance on the rules of civil procedure misplaced, the court concluded
appellant’s motion was not an appealable order and dismissed the cause for want
of jurisdiction.  Id. at *2.