NO. 07-11-00103-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 17, 2011

RICKY D. HOWELL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-425,194; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appearing *pro se,* appellant Ricky D. Howell attempts to appeal an order of the trial court dismissing his "motion to set aside and vacate a void judgment and sentence." Finding we lack jurisdiction over the matter, we will dismiss the appeal.

In 1997, appellant entered an open plea of guilty to aggravated sexual assault in trial court case numbers 97-425,193 and 97-425,194. The trial court assessed punishment in each case at life in prison and a fine of $10,000. The sentences were cumulated. We affirmed appellant's convictions and sentences in 1998, in appellate

case numbers 07-97-0345-CR[1] and 07-97-0346-CR.[2]  Appellant did not seek review of either decision by the Court of Criminal Appeals.

In January 2011, appellant filed his present motion in the trial court under case number 97-425,194.  He asserted the indictment "fail[ed] to meet the constitutional and Statutory (sic) requisites of a Grand Jury indictment."  Hence, he continued, subject matter jurisdiction did not attach and his conviction is void.  Appellant further asserted the trial court "rendered punishment through a unitary bench trial it had no authority to conduct."  According to the prayer, the trial court "must set aside it's (sic) judgment and conviction and order defendant released from cause No. *97-425,195*."  (Emphasis added).  As authority for the motion, appellant relied on Texas Rule of Civil Procedure 329b(f),(g).  Tex. R. Civ. P. 329b(f),(g).

By order signed February 16, 2011, the trial court denied the motion.  Appellant filed a notice of appeal in case number 97-425,194 on March 2.  The clerk's record was filed April 28, and we note it does not contain a certification of appellant's right of appeal.  Tex. R. App. P. 25.2(a)(2),(d).

Appellant's motion did not use the phrase habeas corpus, but its content indicates appellant sought habeas relief.[3]  *See* Tex. Code Crim. Proc. Ann. art. 11.01

---

[1] *Howell v. State,* No. 07-97-0345-CR, 1998 Tex. App. Lexis 5075 (Tex.App.--Amarillo Aug. 18, 1998, no pet.) (not designated for publication) (trial court case number 97-425,193).

[2] *Howell v. State,* No. 07-97-0346-CR, 1998 Tex. App. Lexis 5076 (Tex.App.--Amarillo Aug. 18, 1998, no pet.) (not designated for publication) (trial court case number 97-425,194).

(West 2005) ("[t]he writ of habeas corpus is the remedy to be used when any person is restrained in his liberty"); *Ex parte Harris,* 495 S.W.2d 231, 232 (Tex.Crim.App. 1973) (relief by habeas corpus is available to a person in custody under a sentence which is void because the punishment is unauthorized); *Martin v. State,* No. 03-10-0075-CR, 2010 Tex. App. Lexis 7242 (Tex.App.--Austin Aug. 31, 2010, pet. refused) (mem. op., not designated for publication) (holding "motion to set aside and vacate a void judgment" filed over eight years after sentencing by inmate serving life sentence for aggravated sexual assault was in substance an application for writ of habeas corpus). Post-conviction relief from a final felony conviction where the death penalty was not assessed is cognizable on a writ of habeas corpus. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex.Crim.App. 2006); *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App. 2003).

Appellant is confined in the Institutional Division of the Texas Department of Criminal Justice as the result of a final felony conviction and seeks relief from that confinement. The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. Tex. Code Crim. Proc. Ann. art. 11.07 § 5 (West Supp. 2010); *Ex parte*

---

[3] In his attempted appeal to a sister court of an order denying a "motion to set aside and vacate the judgment and sentence as void," appellant explained he was intentionally seeking relief under civil procedure Rule 329b(f) rather than a post-conviction writ of habeas corpus under article 11.07 of the Code of Criminal Procedure. *Howell v. State,* No. 11-11-0087-CR, 2011 Tex. App. Lexis 3214, at *1-*2 (Tex.App.--Eastland Apr. 28, 2011, n.p.h.) (per curiam, mem. op., not designated for publication). Finding appellant's reliance on the rules of civil procedure misplaced, the court concluded appellant's motion was not an appealable order and dismissed the cause for want of jurisdiction. *Id.* at *2.

*Brown,* 662 S.W.2d 3, 4 (Tex.Crim.App. 1983) (per curiam).  If the applicant is held by virtue of a final conviction in a felony case, the writ is returnable to the Court of Criminal Appeals.  Tex. Code Crim. Proc. Ann. art. 11.07 § (3)(a) (West 2010); *Brown,* 662 S.W.2d at 4.  There is no role for the courts of appeals in the procedure under article 11.07.  Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (West 2010); *see Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) (orig. proceeding) (stating only the Texas Court of Criminal Appeals has jurisdiction over state post-conviction felony proceedings).

Regardless of the procedure appellant intended to initiate in the trial court by filing the motion, we have no jurisdiction to review that court's ruling.  We therefore dismiss appellant's case for want of jurisdiction.  In so doing, we also dismiss appellant's pending "motion to transfer original documents to court of appeals" and "motion for waiver of court rules for filing in the court of appeals" for want of jurisdiction.

James T. Campbell
Justice

Do not publish.

4