RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 27 2015

Abel Acosta, Clerk

12,460-11
RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 26 2015

Abel Acosta, Clerk

WR-12,460-11

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

EX PARTE

ODELL BURGESS,

APPLICANT

ON WRIT OF HABEAS CORPUS FROM THE

180TH DISTRICT COURT OF HARRIS, COUNTY

CASE NO. 1376308-A

APPLICANT'S WRITTEN OBJECTIONS AND REQUEST

THAT THE COURT'S FINDINGS OF FACT AND

CONCLUSIONS OF LAW BE RENDERED AS "MOOT".

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES ODELL BURGESS, the Applicant in the above styled
and numbered cause and files this his Written Objections And
Request That The Court's Findings Of Fact And Conclusion Of Law
Be Rendered As "Moot". In support of this pleading, the applicant
will show this court the following: to wit.

I.

PROCEDURAL HISTORY OF CASE:

1) On the filing of his application for writ of habeas corpus,
the State filed its answer asking the district to dismiss the

1 of 5 pages

petition because the direct appeal was still pending. The district court, relying on the State's exhibit, adopted the State's proposed finding. The applicant filed his **"written objections"** to the State's proposed findings, but the district court had already signed the document on December 3, 2014 (one day after the State presented it--not giving the applicant a chanve to respond). Hence, the applicant will demonstrate to this court, why his objections should be sustained and why the court's findings should be rendered as moot.

## II.

## STATE'S ARGUMENTS:

2) The State argued to the district court that the applicant filed his application for writ of habeas corpus on **November 20, 2014**. The State then presented a computer document off the Court of Appeals web page reflecting that the court's Mandate was going to issue on **12-29-2014**, and asked the court to use the date as evidence that the application was filed pending review as mandated by EX PARTE BROWN 662 S.W.2d 3 (Tex.Crim.App. 1983). And that for reasons stated, the application for habeas corpus should be dismissed. The court agreed, and gave its recommendation to this court to dismiss.

## III.

## APPLICANT'S ARGUMENTS:

3) The State's **Exhibit "A"** attached to its original answer reflects the necessary dates for discussion. The Applicant's appellant brief was filed on **9-26-2013** and the State's brief was filed on **11-08-2013**. The Court of Appeals issued their Opinion and affirmed the case on **9-30-2014**. The Applicant didn't file any **motion for rehearing** by **10-15-2014**, nor did he move the court for **extension of time** to file a motion for rehearing. Therefore,

that time limit had expired. <u>RULE 49.1 TEX.R.APP.P.</u> The Applicant's **petition for a discretionary** review was dued on **10-30-2014**, but no petition was filed, nor was an **extension of time** filed requesting for time to file the PDR. <u>68.2(a),(c) TEX.R.APP.P.</u>

4) Moreover, when the State filed its original answer on **December 2, 2014**, the Court of Appeals' plenary power had expired. If no timely motion for rehearing was timely filed, and it was not in the applicant's case, the Court's plenary power expired in **60 days** after its judgment on **9-30-2014.** <u>RULE 19.1(a) TEX.R.APP.P.</u> That means by law, after the Court of Appeals' plenary powers expires, that court cannot **vacate** or **modify** its judgment. <u>RULE 19.3 TEX.R.APP.P.</u> The issue was **moot** on December 2, 2014 when the State filed its answer.

5) **Finally**, the most serious matter is that the <u>12-29-2014</u> date used to issue the mandate was illegal. The date was **90 days** after the Court of Appeals judgment, which was a violation. <u>RULE 18.1(a) TEX?R.APP.P.</u>, states that **10 days** after the time expired for filing a motion to extend to file...a **petition for discretionary review** the mandate must issue. In the case at bar, the time for filing an extension had expired by **10-30-2014**, and the mandate should have issued atleast by Nov. 10, 2014.

### IV.

### MOOTNESS:

6) **Assuming Arguendo,** that the <u>12-29-2014</u> was the relevant date to end the review, that date is no longer relevant because it has expired before this court could rule on the issue, and is now subject to the **mootness doctrine.** A issue is **moot** when the legal dispute between the parties has been resolved for practical purposes

or has ceased to exist. Mootness is established only if: a) it can be said with assurance that there is no reasonable expectation that the allege violation will reoccur...and b) events have completely and irrevocably eradicated the effects of the alleged violation. COUNTY OF LOS ANGELES V. DAVIS, 440 U.S. 625, 631, 99 S.Ct. 1379 1979); accord, PARENTS INVOLVED IN COMMUNITY SCHOOL V. SEATTLE SCH DIST. NO. 1 551 U.S. 701, 719, 127 S.Ct. 2738 (2007). A issue can become moot at the time it is filed, or it can become moot while it is in progress, even on appeal. cf., CITY OF MESQUITE v. ALADDIN'S CASTLE, INC., 455 U.S. 283, 288 n. 9, 102 S.Ct. 1070 (1982).

## V.

## FEDERAL LAW ON TIME LIMIT:

7) In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended the habeas statute to impose severe restrictions on the filing of habeas petitions. For example, prisoners must file the writ within one year from the date the criminal judgment becomes final, which means the point where the applicant have exhausted his state court remedies. 28 U.S.C. § 2241(d)(1); see, DAY V. McDONOUGH, 547 U.S. 198, 208-210, 126 S.Ct. 1675 (2006)(discussing habeas one-year time limit). Federal law do not look to the Court of Appeals' mandate to start the time; instead, it looks at the time for filing the PDR and if the 30 days expires without filing the PDR or getting an extension of time, the clock begins because the case is final.

WHEREFORE, the Applicant prays that this court grants his objections and rule the issue as moot. Order the case back to the district court or rule on the merits itself.

ODELL BURGESS

## CERTIFICATE OF SERVICE:

I, **Odell Burgess**, hereby certify that a true and correct copy of the **Applicant's Written Objections And Request That The Court's Findings of Fact and Conclusion of Law Be Rendered As Moot** was served by placing same in the prison mail system to: **Andrew Smith**, Assistant District Attorney, 1201 Franklin, Suite 600, Houston, Texas 77002 on this date _Jan 20th_ 2015.

MR. ODELL BURGESS,
TDCJ #579316
WYNNE UNIT
810 FM 2821
HUNTSVILLE, TEXAS 77349